**Jagdish S. PATEL, Raman Patel and 1 Krishna, L.L.C., Plaintiffs,**

v.

**HOLIDAY HOSPITALITY FRANCHISING, INC., and Bass Hotels & Resorts, Inc., Defendants.**

No. 4:00–CV–1840–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 25, 2001.

B. Scott Huffman, Attorney at Law, Parks Huffman McVay Shepard & Carrell, Arlington, TX, Jeffrey M. Goldstein, Attorney at Law, Goldstein & Loots, Washington, DC, for plaintiffs.

K. Alan Parry, Attorney at Law, Baker Botts, Dallas, TX, for defendants.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

After reviewing the motion of defendants, Holiday Hospitality Franchising, Inc., and Bass Hotels and Resorts, Inc., to dismiss, the response of plaintiffs, Jagdish S. Patel, Raman Patel, and 1 Krishna, L.L.C., and the reply thereto, the court determines that: (a) the motion should be denied, (b) this action should be held in abeyance until plaintiffs have complied with § 17.505 of the Texas Business and Commerce Code, and (c) if this action is still pending after plaintiffs have complied with the notice requirement under § 17.505 of the Texas Business and Commerce Code, plaintiffs file an amended complaint that complies with Federal Rule of Civil Procedure 9(b).

### I.

### *Plaintiffs' Complaint*

Plaintiffs initially filed their complaint on December 8, 2000; however, the complaint was stricken from the record for failing to include a certificate of interested persons as required by the local rules of this court. After correcting this deficiency, plaintiffs filed their complaint on December 12, 2000, alleging that defendants engaged in a two-part fraudulent scheme centered around the franchise agreement ("agreement") entered into between plaintiffs and defendants. The first part of the alleged scheme consisted of defendants' fraudulent misrepresentation prior to entering the agreement that certain property improvement requirements under the agreement would be waived. But, after the agreement became effective, defendants ignored the waivers and terminated the agreement, based upon plaintiffs' failure to comply with the requirements that were specifically waived, for the purpose of collecting liquidated damages under the termination provisions of the agreement. In the second part of the alleged fraudulent scheme, defendants unreasonably denied plaintiffs' request to transfer its franchise to a qualified transferee. In doing so, defendants initially approved the transfer of plaintiffs' franchise, collected an application fee from the prospective franchisee, rescinded the transfer approval, collected a second application fee from the prospective transferee, and finally denied the prospective franchisee's second application.

Plaintiffs assert the following causes of action: (1) fraudulent and negligent misrepresentation, (2) breach of contract, (3) breach of the duty of good faith and fair dealing, (4) tortious interference with contract, (5) promissory/equitable estoppel, and (6) violations of §§ 17.46 and 17.50 of the Texas Deceptive Trade Practice Act ("DTPA").

Plaintiffs seek compensatory and punitive damages, the disgorgement of all franchise, advertising, and financial services fees, royalties, and all other monies and sums paid by plaintiffs to Holiday Hospitality Franchising, Inc., and Bass Hotels and Resorts, Inc., under the agreement, declaratory and injunctive relief to set aside and prevent enforcement of the

agreement as a whole, and reasonable costs and attorneys' fees.

## II.

### Grounds of the Motion

Defendants seek dismissal on the grounds that:

(1) Pursuant to Federal Rule of Civil Procedure 9(b), plaintiffs have failed to plead fraud with particularity with respect to their claims of fraudulent and negligent misrepresentation, promissory/equitable estoppel, and violations under the DTPA; and,

(2) Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs have failed to state a claim with respect to their claims of breach of the duty of good faith and fair dealing, promissory/equitable estoppel, and violations under the DTPA.

## III.

### Federal Rule of Civil Procedure 9(b)

■ Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993); *see Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir.1994) (holding that while Rules 8 and 9(b) are to be harmonized, "Rule 8 has never been read to eviscerate Rule 9(b)'s requirement that an averment of fraud must be stated with particularity."). "This standard is derived from concerns that unsubstantiated charges of fraud can irreparably damage a defendant's reputation." *Norman*, 19 F.3d at 1022. To plead fraud with particularity, a plaintiff must, at a minimum, include the time, place, and contents of the false representations, as well as identify the speak-

er who made the misrepresentation and what that person obtained thereby. *Shushany*, 992 F.2d at 521. Further, "general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b)." *In re Urcarco Sec. Lit.*, 148 F.R.D. 561, 569 (N.D.Tex.1993), *aff'd, Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).

Defendants argue that plaintiffs have failed to comply with Rule 9(b) with respect to their claims for fraudulent and negligent misrepresentation, promissory/equitable estoppel, and violations under the DTPA. These claims will be analyzed in light of Rule 9(b) in turn as follows.

### A. Fraudulent and Negligent Misrepresentation:

■ Under their cause of action for fraudulent and negligent misrepresentation, plaintiffs allege, among other things, that "Holiday fraudulently represented the granting of waivers and extension of time to Krishna, to lure Krishna into the Franchising Agreement." Pls.' compl. at 9. But, the complaint does not identify (a) the particular person who made the allegedly fraudulent representations, (b) when they were made, (c) the particular person to whom they were made, (d) where and by what means they were made, (e) whether they were oral or written, (f) which property improvement requirements were included in the represented waivers and extensions, (g) the exact content of the representations, or (h) why they were fraudulent. By singling out this particular allegation, the court is not suggesting that this is the only infirmity in plaintiffs' complaint; rather, the court is merely using this particular allegation as an example to illustrate plaintiffs' failure to plead fraud with particularity. All the fraud and state

of mind allegations made by plaintiff are impermissibly general. Further, plaintiffs define Holiday as consisting of both defendants, Holiday Hospitality Franchising, Inc., and Bass Hotels and Resorts, Inc., for reference purposes in their complaint. By doing so, plaintiffs lumped both defendants together and failed to sort out the wrongdoing of each defendant.

Therefore, plaintiffs' cause of action for fraudulent and negligent misrepresentation could be dismissed under Rule 9(b); however, the court is granting plaintiffs leave to file an amended complaint to cure this defect. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6, (5th Cir.2000) (holding that a court may dismiss a claim for failing to comply with Rule 9(b), but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so.") (citation omitted).

### B. *Promissory/Equitable Estoppel:*

■ Plaintiffs generally allege a promissory/equitable estoppel cause of action. The elements of promissory estoppel under Texas law are (1) a promise, (2) foreseeability to the promisor of reliance thereon by the promisee; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983). Rule 9(b) does not apply to an action for promissory/equitable estoppel because fraud is not an element of this claim. *Poly–America, Inc. v. GSE Lining Tech., Inc.*, No. CIV.A.3:96–CV–2690, 1998 WL 355477, at *7 (N.D.Tex.

June 29, 1998). Instead, notice pleading under Rule 8 is sufficient, and plaintiffs have complied with the requirements of Rule 8 to place defendants on notice of the claim of promissory/equitable estoppel.[1]

### C. *DTPA:*

■ Claims alleging violations of the DTPA are subject to the requirements of Rule 9(b). *El Conejo Bus Lines, Inc. v. Metro. Life Ins. Co.*, No.CIV.A.3:98–CV–0608–D, 1999 WL 354237 at *2 (N.D.Tex. May 27, 1999) (citing *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex.1998)). Plaintiffs allege defendants violated the DTPA by, among other things, fraudulently misrepresenting that waivers and extensions of the agreement's requirements would be honored. However, plaintiffs' DTPA allegations are insufficient under Rule 9(b)'s heightened pleading requirements for the same reasons that their allegations of fraudulent and negligent misrepresentation are insufficient under Rule 9(b). Accordingly, the court is granting plaintiffs leave to file an amended complaint in order to cure the pleading defects with respect to their claims presented under the DTPA.

### IV.

*Federal Rule of Civil Procedure 12(b)(6)*

### A. *DTPA's Notice Requirement:*

Defendants' contend that plaintiffs' failed to plead and prove compliance with the DTPA's strict notice provisions; thus,

---

1. The court is not deciding whether Texas or Georgia law applies to plaintiffs' promissory/equitable estoppel claim. Such a decision is not necessary at this time because, as under Texas law, fraud is not an element of a promissory/equitable estoppel action under Georgia law. *See Duffy v. Landings Assoc., Inc.*, 245 Ga.App. 104, 536 S.E.2d 758, 760–61 (2000) (holding that the doctrine of promisso-

ry estoppel provides that "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.") (quoting Ga.Code Ann. § 13–3–44(a)).

plaintiffs' DTPA claims should be dismissed.

The DTPA requires a plaintiff to provide a defendant with written notice of any DTPA claim at least sixty days prior to filing suit. TEX. BUS. & COM. CODE § 17.505(a). There are only two exceptions to the notice requirement, which are (1) the sixty days notice would be impracticable because the statute of limitations would run, or (2) the consumer's DTPA claim is asserted by way of counterclaim. *Id.* § 17.505(b). The proper remedy for a plaintiff's failure to comply with the DTPA's notice requirement is abatement, and not dismissal. *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir.1996) (citing *Hines v. Hash,* 843 S.W.2d 464, 469 (Tex.1992)). The abatement continues until the sixtieth day after the date that written notice is served in compliance with § 17.505(a). TEX. BUS. & COM. CODE § 17.505(e). The burden is on the plaintiff to plead that he gave the defendant notice. *Hines,* 843 S.W.2d at 467. However, a defendant must raise a timely objection to a plaintiff's failure to plead notice. *Id.* "To be timely, the request for an abatement must be made while the purpose of notice—settlement and avoidance of litigation expense—remains viable. Thus, defendant must request an abatement with the filing of an answer or very soon thereafter." *Id.* at 469.

Here, plaintiffs allege in their complaint a cause of action under the DTPA. But, plaintiffs have not pleaded that they provided defendants with the required notice, nor have plaintiffs pleaded that either of the above-mentioned exceptions to providing notice apply. Further, defendants objected to plaintiffs' failure to provide the required notice in their motion to dismiss, which was filed simultaneously with the filing of their original answer and counterclaims. Accordingly, defendants' objection was timely. Therefore, defendants are entitled to have this action held in abeyance until plaintiffs comply with the DTPA's notice requirements. *America Online, Inc. v. Williams,* 958 S.W.2d 268, 272 (Tex.App.—Houston [14th Dist.] 1997, no writ) (noting that an "abatement is a present suspension of all proceedings in a suit" and that it "precludes the trial court and the parties from going forward on a case.") (citations omitted).

B. *Defendants' Remaining 12(b)(6) Arguments:*

The court has reviewed defendants' remaining grounds for dismissal under Rule 12(b)(6) and finds that, taking plaintiffs' allegations as true, plaintiffs have stated claims for which relief can be granted.

## VI.

### ORDER

For the reasons discussed herein,

The court ORDERS that:

(1) Defendants' motion to dismiss be, and is hereby, denied;

(2) By 4:30 p.m. on May 4, 2001, plaintiffs file with the court proof that they have served defendants with written notice of their DTPA claims in accordance with § 17.505(a) of the Texas Business and Commerce Code;

(3) Except as provided in (4) below, this action be, and is hereby, abated for sixty days from the date that such written notice is served on defendants; and,

(4) Plaintiffs file by 4:30 p.m. on May 4, 2001, an amended complaint that complies with Federal Rule of Civil Procedure 9(b).